976 F.2d 748
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
TOP TOOL COMPANY, INC., Plaintiff/Cross-Appellant,
v.
DOWNHOLE TOOL SPECIALISTS, INC. Defendant-Appellant.
 Nos. 92-1073, 92-1088.
 United States Court of Appeals, Federal Circuit.
 Aug. 31, 1992.
Rehearing Denied Sept. 25, 1992.
 
 Before NIES, Chief Judge, BENNETT, Senior Judge, and RADER, Circuit Judge.
 NIES, Chief Judge.
 
 
 1
 Downhole Tool Specialists appeals the July 25, 1991, judgment (in Civil Action 89-0656) of the United States District Court for the Western District of Louisiana that its HWT-5 well-washing tool infringes claims 1, 2, 4, 5, 16-18, and 20-22 of Top Tool Company's Patent No. Re. 31,842. Top Tool cross-appeals that court's finding of no willful infringement and seeks several modifications of the injunction which has been issued. We remand with instructions to modify the injunction in part, but affirm the judgment in all other respects.
 
 DISCUSSION
 
 2
 The District Court enjoined Downhole from "using the HWT-5 in any form which utilizes a packer assembly and a valve in such a manner that the packer assembly responds to and becomes set by the application of a lesser degree of fluid pressure than that degree of fluid pressure required to force the valve to begin opening."[1] The parties do not dispute that a well-washing tool within the scope of this injunction would infringe Top Tool's patent. Nor was the validity of this patent challenged by Downhole. Rather, Downhole contends that the "poppit valve" of its HWT-5 tool opens at a fluid pressure less than (or equal to) that required to set its packers. Having reviewed the evidence presented by both sides, we are not persuaded that the District Court's finding to the contrary is clearly erroneous. Mannesmann Demag Corp. v. Engineered Metal Prod., 793 F.2d 1279, 1282, 230 USPQ 45, 47 (Fed.Cir.1986). Accordingly, we affirm its judgment of infringement.
 
 
 3
 After the district court issued its injunction, Downhole removed the "poppit valves" from its product. Top Tool sought a modification of the injunction to include such "valveless" tools, contending that claim 20 of its patent does not require a valve. This motion was denied. We cannot determine that the court's denial of the modification was an abuse of discretion. Downhole argues that Top Tool is not entitled to such injunction because no device without a valve was accused of infringement at trial. Top Tool responds that a witness testified that Downhole at one time made its HWT-5 tool without valves. However, such testimony does not place the valveless device in issue and does not obligate the district court to make a finding respecting infringement by such device. Without a finding of infringement, the court cannot be held to have abused its discretion in failing to include valveless devices specifically in the injunction.
 
 
 4
 Top Tool also asks that the injunction be expanded to forbid the manufacture or sale (rather than merely the use) of infringing tools by Downhole. Such manufacture and sale are unquestionably within the scope of Top Tool's exclusionary right. 35 U.S.C. § 217(a). And there is no reason for limiting the injunction to "use."[2] The injunction should be modified accordingly.[3]
 
 
 5
 We have reviewed all of the other arguments raised by the parties, including the alleged clear error in the district court's finding of no willful infringement. We find none of them persuasive.
 
 
 6
 We remand to the district court with directions to modify its judgment in accordance with this opinion.
 
 COSTS
 
 7
 Each party will bear its own costs.
 
 
 
 [1]
 The trial was limited to liability. An accounting for damages awaits the resolution of this appeal
 
 
 [2]
 This was properly conceded by Downhole's counsel at oral argument
 
 
 [3]
 Downhole asserts error in the inclusion of a determination of validity in the judgment, because it did not raise a defense of invalidity. This issue may be presented to the district court. See Panduit Corp. v. Dennison Mfg. Co., 810 F.2d 1561, 1569-70, 1 USPQ2d 1593, 1598-99 (Fed.Cir.), cert. denied, 481 U.S. 1052 (1987)